1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

7
LABORERS' INTERNATIONAL UNION
NORTH AMERICA, LOCAL 872, *et al.*,

Case No. 2:19-cv-00322-RFB-NJK

8

Plaintiffs,

9
v.

**ORDER**

10
CITY OF LAS VEGAS, *et al.*,

11
Defendants.

Motion to Dismiss Amended Complaint

(ECF Nos. 48 & 49)

12

13
**I.    INTRODUCTION**

14
    Before the Court are Defendant City of Las Vegas' Motion to Dismiss Amended Complaint

15
(ECF No. 48) and Defendants James Robert Coffin and Steve Seroka's Motion to Dismiss

16
Amended Complaint (ECF No. 49).

17
**II.    PROCEDURAL HISTORY**

18
    On February 22, 2019, Plaintiff filed the Complaint. ECF No. 1. On February 11, 2020, the

19
Court held a hearing regarding Defendants Coffin and Seroka's Motion to Dismiss Complaint

20
(ECF No. 11) and Defendant City of Las Vegas' Motion to Dismiss Complaint (ECF No. 21). ECF

21
No. 35. For reasons stated on the record, the Court granted the two Motions to Dismiss (ECF Nos.

22
11, 21) and granted Plaintiff leave to file an amended complaint 21 days after the entry of the

23
order. ECF No. 35. On March 3, 2020, Plaintiffs filed the First Amended Complaint. ECF No. 37.

24
The Amended Complaint added inter alia, Thomas M. White as a Plaintiff and set forth the same

25
seven claims for relief as the initial Complaint. White is a member of Plaintiff Laborers'

26
International Union North America, Local 872.

27
    On April 7, 2020, Defendants filed Motions to Dismiss the Amended Complaint. ECF Nos.

28
48, 49. On April 7, 2020, Defendants filed joinders to each other's Motion to Dismiss. ECF Nos.

51, 52. On April 17, 2020, Magistrate Judge Koppe issued an order granting a stay in discovery pending resolution of the pending Motions to Dismiss. ECF No. 57. On May 8, 2020, Plaintiffs responded to Defendants' opposition to the Motion to Dismiss. ECF Nos. 61, 62. On May 14, 2020, Defendant City of Las Vegas replied. ECF No. 63. On May 18, 2020, Defendant Coffin and Seroka replied. ECF No. 65. On May 20, 2020, Defendants filed joinders to each other's replies. ECF Nos. 67, 68. On February 22, 2021, a hearing was held regarding the Motions to Dismiss Amended Complaint (ECF Nos. 48, 29). ECF No. 70. Below is the written order.

### III.    ALLEGED FACTS

Fore Stars, Ltd., 180 Land Co., LLC, and Seventy Acres, LLC ("Landowners") collectively own 250 acres of real property ("Subject Property"). ECF No. 37 at 4-5. The Subject Property abuts a common interest community known as Queensridge. Id. at 6. On December 2016, a golf course operator that leased the Subject Property vacated the land. Id. at 7. The Clark County Assessor determined the Subject Property no longer fell within the definition of open-space real property as dictated by NRS 361A.040 and that it would be converted to a higher use in accordance with NRS 361A.031. Id. On November 30, 2017, these determinations were approved by the State of Nevada Board of Equalization. Id.

Previously, on August 15, 2001, the Las Vegas City Council approved Bill No. Z-2001-1 Ordinance No. 5353 zoning Parcels 1-10 of the Subject Property as R-PD7, which indicates a zoning designation as a residential planned development district. Id. at 9. Since 2015, the Landowners have filed applications with the City of Las Vegas relating to development and use of the Subject Property. Id. at 12. Homeowners living in Queensridge opposed the development. Id.

Plaintiff Union alleges that it has a valid and enforceable contract, called the Project Labor Agreement (PLA), with Hardstone Construction, LLC which provides for Plaintiff's services and work force in the development of the Subject Property. Id. at 12-13. Plaintiff argues, inter alia, that the PLA has been "effectively blocked" by the City Council's denial for development. Id. at 16. Therefore, Plaintiffs assert seven causes of action, including a Fifth Amendment takings violation and a 42 U.S.C. § 1983 due process claim against Defendants.

/ / /

### IV.   LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### V.   DISCUSSION

The Court begins by addressing Defendants' argument that Plaintiffs lack standing. Defendant City of Las Vegas argues that Plaintiffs do not have standing because they are improperly bringing claims of third parties, such as those of the Landowners, when the third parties do not have a close relationship with Plaintiffs and can initiate a lawsuit themselves. ECF Nos. 48, 63. Moreover, there is no allegation of a First Amendment violation, Plaintiffs do not own the Subject Property or rights to develop it, and Plaintiff Union is not stating that they are suing in a representative capacity on behalf of its members. Id. Defendants Coffin and Seroka argue that Plaintiff Union do not have standing because Plaintiff "at best, is a party to an agreement with a potential contractor who is, at most, a third-party beneficiary of any development of [the Subject

Property].” ECF No. 49 at 8; ECF No. 65. With respect to the added Plaintiff Mr. Thomas White, Defendants argue that he is not a common laborer and that there is no evidence that he is employed or has any ties to the project at issue. Id.

The Court agrees with Defendants and finds that the Motions to Dismiss (ECF Nos. 48,49) must be granted as Plaintiffs lack standing.

### A.    Standing

Federal courts are courts of limited jurisdiction, and possess power only as authorized by the Constitution and by statute. Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013) (citation omitted). Subject-matter jurisdiction does not exist if the plaintiff's action is moot or if the plaintiff lacks standing. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). If the court determines that it does not have subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

If subject matter jurisdiction is challenged, the burden is on the party asserting jurisdiction to establish it. In re Dynamic Random Access Memory Antitrust Litigation, 546 F.3d 981, 984 (9th Cir.2008) (citations omitted). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. Id. at 984–85.

The party invoking federal jurisdiction must establish three elements to assert standing. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). “First, the plaintiff must have suffered an ‘injury in fact’—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court. Third, it must be ‘likely,’ as opposed to merely ‘speculative,’ that the injury will be ‘redressed by a favorable decision.’” Id. at 560-61 (internal quotations and citations omitted). “When, however, as in this case, a plaintiff’s asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of *someone else,* much more is needed. In that circumstance, causation and redressability ordinarily hinge on the

response of the regulated (or regulable) third party to the government action or inaction—and perhaps on the response of others as well. The existence of one or more of the essential elements of standing depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict, and it becomes the burden of the plaintiff to adduce facts showing that those choices have been or will be made in such manner as to produce causation and permit redressability of injury. Thus, when the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily substantially more difficult to establish." Id. at 562 (internal quotations and citations omitted) (emphasis in the original).

Here, Plaintiffs have not adequately alleged injury in fact, and so do not establish standing to invoke the Court's jurisdiction. Plaintiffs fail to state a legally protected interest which is "concrete and particularized" and that their alleged injury in fact is "actual or imminent, not conjectural or hypothetical." Id. Plaintiffs assert that they have a legally protected interest because of the PLA contract (ECF No. 37-1) with Hardstone Construction. They further claim that their injuries include the lack of jobs, wages, and benefits for the employees working on the Subject Property that would have been facilitated through the PLA, and the dues earned by the union for those members working on the project. However, the PLA is a one-page document entitled "Memorandum of Agreement between Laborers International Union of North America Local No. 872 and An Employer" that binds Hardstone to a collective bargaining agreement. ECF No. 37-1. The document, dated May 31, 2007, does not indicate that Plaintiffs have standing to assert any claims on any developments that Hardstone may be contracted to work on in the future. There is no evidence that the PLA applies to the Subject Property and the dispute at issue.

The causal connection between Defendants' conduct and Plaintiffs' alleged harm is extremely attenuated. In the amended Complaint, Plaintiff adds its Business Manager, Tommy White, as a plaintiff, but neither Plaintiffs own the Subject Property nor have any vested or unvested rights to develop it. Plaintiffs assert that their injury arises from city government's allegedly unlawful regulation of the Landowners' Subject Property to which Plaintiffs were entitled to develop because of their PLA contract with Hardstone, which in turn has a contract with

the Landowners. However, "much more is needed" to illustrate causation between Defendants' conduct and Plaintiffs' asserted injuries. <u>Lujan</u>, 504 U.S. 555 at 562. Plaintiffs do not have any relevant contracts or privity with Defendants. The independent actions and interests of the Landowners, who are not before the Court, are also intervening factors between Defendants' conduct and Plaintiffs' alleged injuries.

The Court therefore grants both Defendants Seroka and Coffin's Motion to Dismiss (ECF No. 49) and Defendant City of Las Vegas's Motion to Dismiss (ECF No. 48) pursuant to Federal Rule of Civil Procedure 12(b)(1). As the Court has determined it does not have jurisdiction, it does not consider the remaining claims.

## VI.    CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant City of Las Vegas' Motion to Dismiss Amended Complaint (ECF No. 48) and Defendants James Robert Coffin and Steve Seroka's Motion to Dismiss Amended Complaint (ECF No. 49) are GRANTED.

DATED: March 31, 2021

**RICHARD F. BOULWARE**
**UNITED STATES DISTRICT JUDGE**